Lisel M. Ferguson (Bar No. 207637)
RIMON, P.C.
3579 4th Avenue
San Diego, CA 92103
Telephone: 619.848.7329
lisel.ferguson@rimonlaw.com

Attorneys for Plaintiff,
FIRE AND RAIN INC

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRE AND RAIN INC, a California corporation,<br><br>        Plaintiff,<br><br>v.<br><br>719 APPAREL, INC., a California corporation; ARIAN PARVIZI, an individual.<br><br>        Defendants. | Case No.: _____<br><br>**COMPLAINT FOR:**<br><br>**(1) COPYRIGHT INFRINGEMENT;**<br>**(2) UNFAIR COMPETITION; AND**<br>**(3) NEGLIGENT INTERFERENCE WITH ECONOMIC RELATIONS**<br><br>**(DEMAND FOR JURY TRIAL)** |

Plaintiff FIRE AND RAIN INC, ("Plaintiff" and/or "F&R") hereby alleges as follows:

## JURISDICTION AND VENUE

1.     This is a Complaint for (i) copyright infringement under 17 U.S.C. §§ 101 and 501; (ii) unfair competition arising under California Business & Professions Code § 17200, et seq.; and (iii) negligent interference with prospective economic relations.

2.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

1

COMPLAINT

#65926006v4<16768-77991>

3.     This Court has personal jurisdiction over Defendants because they conduct business in California.  Defendants have purposely availed themselves of the opportunity to conduct commercial activities in this Judicial District by maintaining targeting customers in the United States and United States territories, including this Judicial District, and offering to ship and shipping products to customers in the United States and United States territories, including this Judicial District.

4.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a), because a substantial part of the events giving rise to the claims occurred, and continue to occur, in the Southern District of California.  Further, Plaintiff has suffered damage within this District, and elsewhere.

**PARTIES**

5.     Plaintiff FIRE AND RAIN INC is a California corporation with its principal place of business at 110 E. 9th., Ste C0791 Los Angeles, CA 90079.

6.     Plaintiff is informed and thereon alleges that Defendant 719 Apparel, Inc. is a California corporation with its principal place of business at 110 E. 9th., Ste C823 Los Angeles, CA 90079.

7.     Plaintiff is informed and thereon alleges that Defendant Arian Parvizi is an individual who resides at 6145 Shoup Ave. Unit 56, Woodland Hills, CA 91367.

8.     Plaintiff is informed and thereon alleges that Defendant Arian Parvizi is 719 Apparel, Inc.'s Chief Executive Officer, Secretary, Chief Financial Officer. (Defendants 719 Apparel, Inc. and Arian Parvizi are collectively referred to as "Defendants" and/or "their")

9.     Defendants are subject to the jurisdiction of this Court by virtue of its/his substantial contacts with California, including participation in the acts and events occurring within this Judicial District as described herein.

2
COMPLAINT
#65926006v4<16768-77991>

# FACTUAL BACKGROUND

10.     Plaintiff is informed and believes, and on that basis alleges, that Defendants are in the business of manufacturing and selling clothing ("Products").

11.     Plaintiff is in the business of designing, manufacturing and selling designer clothing.  It has a diverse customer base which includes sales to the general public.  Plaintiff creates many unique proprietary designs which are applied to its clothing.  These designs are all original works which are protected by copyrights.

12.     Plaintiff is informed and believes, and on that basis alleges, that Defendants have manufactured and imported into the United States Products that infringe upon Plaintiff's copyrights which are counterfeits of Plaintiff's products.

13.     Plaintiff commenced its business in 2019 selling its self-manufactured Products.  Plaintiff's sales are retail sales which are sold mostly, although not exclusively, through retail store outlets such as Ross Stores, DD's, Burlington and Bealls.

14.     Plaintiff is informed and believes, and on that basis alleges, that Defendants have products manufactured overseas for importation into the United States and sells said products to third parties for resale.

15.     Plaintiff is informed and believes, and on that basis alleges, that Defendants have intentionally taken Plaintiff's copyrighted designs and had Products manufactured using those copyrighted designs and then sold these Infringing Products to third parties.

16.     Based on information and belief, Plaintiff is aware that Defendants have sold these infringing products to Ross and believes it has sold to other third parties.

17.     Plaintiff brings this action to prevent Defendants from infringing

3

COMPLAINT

#65926006v4<16768-77991>

Plaintiff's Copyrights, to prevent confusion in the marketplace and address related state law claims.

### ALLEGATIONS FOR ALL CLAIMS FOR RELIEF

**A. Plaintiff's Copyright Protection In Its Designs**

18.    Plaintiff has created the below unique designs which are both protected by Copyright Registration No. Vau 1-568-490.  (Attached hereto as Exhibit A) ("Copyrighted Designs")



Fire and Rain Design                    Fire and Rain Design

19.    Plaintiff has produced and distributed the Copyrights in strict conformity with the Copyright Act of 1976 and all other governing laws.

20.    These designs have been used by Plaintiff on its Products and in particular jeans which have been sold into Ross Stores. Defendants consequently had access and opportunity to copy the Copyrighted Designs and Plaintiff's Products.

21.    Plaintiff spends a large amount of time and money designing and manufacturing its Products so that they meet the industry's needs, are of high quality, and are updated each fashion season.

**B. Defendants' Wrongful Appropriation And Copying Of Plaintiff's Designs.**

22.    Defendants have manufactured and sold Products with designs which

4

COMPLAINT

#65926006v4<16768-77991>

infringe Plaintiffs Copyrighted Designs.  These infringing jeans are being promoted under Defendants' brand for TELEPATIA at Ross ("Infringing Products").  Photos of the Infringing Products are featured below:



23.    Plaintiff found the above Infringing Products being sold in Ross on December 11, 2025.

24.    Plaintiff is informed and believes, and on that basis alleges, that Defendants had exact replicas of Plaintiff's Copyrighted Designs manufactured overseas, imported them into the United States and sold them to third parties for resale.

25.    Plaintiff is informed and believes, and on that basis alleges, that Defendants provided Plaintiff's Copyrighted Designs to an overseas manufacturer and instructed that these be copied onto the back pockets of jeans.

26.    The Infringing Products sold by Defendants appear to be of inferior quality to those produced by Plaintiff.

27.    Plaintiff is informed and believes, and on that basis alleges, that Defendants wrongfully appropriated Plaintiff's Copyrighted Designs and copied said designs to manufacture products for resale.

COMPLAINT

28.     Plaintiff is informed and believes, and on that basis alleges, that Defendants had a specific intent to copy the designs of Plaintiff's jeans after seeing them in Ross and had exact replicas manufactured overseas then shipped said replicas to the United States to sell or offer to sell said replicas in the United States and this Judicial District.

29.     At all times, Defendants' actions have been knowing, intentional, willful and without the permission or consent of Plaintiff.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement Under 17 U.S.C. §§ 101 and 501)

30.     Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31.     Plaintiff produces Products with unique designs, artwork and images which are purchased by customers.  The designs, artwork and images are copyrighted by Plaintiff and placed on its Products.  Defendants in this case took two of Plaintiff's copyrighted designs, defined as Copyrighted Designs defined in paragraph 18 above, and placed them on its products Infringing Products defined in paragraph 22 above.

32.     The Copyrighted Designs are the exclusive and copyrighted property of Plaintiff.  All copies or derivatives therefrom can only be produced either directly by Plaintiff itself or, alternatively, under its authority or license.

33.     The Copyrighted Designs have been published and have been filed in conformity with the provisions of Copyright Act, 17 U.S.C. § 101, *et seq.*  As set forth above, Defendants have appropriated Plaintiff's Copyrighted Designs and infringed upon its right of protection.

34.     Defendants' infringement has harmed Plaintiff's business reputation and drastically decreased its profits.  In most cases, the Infringing Products consist of a reproduced copy, or derivative of the copyright that falls below the quality of the original work.  These reproductions have caused Plaintiff to lose

6

COMPLAINT

#65926006v4<16768-77991>

new and repeat sales as Defendants' products include Plaintiff's original artwork and expression in these Copyrights.

35.    Defendants have sold and offered for sale Products that infringe Plaintiff's Copyrighted Designs.

36.    By the actions alleged above, Defendants have infringed and/or will continue to infringe Plaintiff's copyrights within the meaning of 17 U.S.C. § 501 by copying, distribution, creation of derivative works from, and/or public display and sale of Defendants' Infringing Products.

37.    Such infringement is willful in that Defendants knew or should have known that their actions alleged above would infringe Plaintiff's Copyrighted Designs.

38.    Plaintiff will continue to sustain damage as a result of Defendants' infringing acts until Defendants are enjoined from infringing activities. Defendants' wrongful conduct has also deprived and will continue to deprive Plaintiff of opportunities for expanding its sales and establishing goodwill.

39.    Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to an injunction restraining Defendants and their agents, employees and all persons acting in concert with Defendants, and each of them, from copying, distributing, creating derivative works from and/or publicly displaying Plaintiff's Copyrighted Designs or any additional Copyrights owned by Plaintiff that Defendant may have infringed.

40.    Pursuant to 17 U.S.C. § 504, Plaintiff is entitled to recover from Defendants the damages Plaintiff has sustained and will sustain, and all profits, gains and advantages derived by Defendants as a result of Defendants' infringement of Plaintiff's Copyrighted Designs and any additional Copyrights owned by Plaintiff that Defendant may have infringed, in an amount to be proven at trial.

41.    By their actions, Defendants have irreparably injured Plaintiff.  Such

COMPLAINT

#65926006v4<16768-77991>

irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

**(Unfair Competition: California Business & Professions Code § 17200, *et seq.*)**

42.    Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43.    The acts of Defendants described herein constitute unlawful, unfair and fraudulent business acts and practices, in violation of California Business & Professions Code § 17200, *et seq.*  Defendants' unauthorized use of Plaintiff's Copyrighted Designs as set forth above has caused, and will continue to cause confusion, mistake and deception in that customers are likely to believe that Defendants' goods and services are associated with, connected to, affiliated with, authorized by, and endorsed and/or sponsored by Plaintiff.

44.    As a result of these acts, Defendants have received and will continue to receive sales and profits generated from the strength of Plaintiff's success, goodwill and consumer recognition.

45.    Plaintiff has suffered and will continue to suffer damages as a direct result of Defendants' conduct as described herein, and such damages will continue unless the Court enjoins Defendants' use of the Plaintiff's Copyrights, and forces Defendants to cease their copying practices.

46.    As a proximate and legal result of Defendants' unlawful conduct, Plaintiff has been damaged in its business relationships with its current and prospective customers and has suffered damages in the form of lost profits, loss of promotion and loss of goodwill.

47.    Defendants should be required to restore Plaintiff and any and all profits earned as a result of their unlawful and unfair actions.  Defendants should be held accountable for all profits wrongfully obtained and provide

8

COMPLAINT

Plaintiff appropriate restitution.

## THIRD CLAIM FOR RELIEF

### (Negligent Interference With Prospective Economic Relations)

48. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 47 of this Complaint as if fully set forth herein.

49. This is an action for intentional interference with prospective economic relations.

50. Plaintiff and Ross Stores are in an economic relationship that results in economic benefit to Plaintiff.

51. Defendants knew or should have known of the relationship between Plaintiff and Ross Stores as Plaintiff's products are sold in Ross Stores with the Copyrighted Designs.

52. Plaintiff is informed and believes, and on that basis alleges, that Defendants have sold, offered for sale, manufactured and/or distributed products that infringe Plaintiff's Copyrighted Designs without the permission or consent of Plaintiff. Defendants have further intentionally used these Copyrighted Designs to manufacture Infringing Products which they sold into Ross Stores.

53. Defendant should have known that Plaintiff's relationship with Ross Stores would be disrupted if they failed to act with reasonable care and sell Infringing Products to Ross Stores.

54. Defendants have failed to act with reasonable care.

55. Defendants have engaged in wrongful conduct by selling Infringing Products to Ross Stores.

56. The relationship between Ross Stores and Plaintiff has been disrupted as Ross Stores has stopped its product orders with Plaintiff as a result of the inventory they have received from Defendants.

57. Defendants' wrongful conduct was a substantial factor in causing Plaintiff's harm.

9

COMPLAINT

#65926006v4<16768-77991>

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for relief as follows:

**As to the First Claim for Relief:**

a.      That Defendants be adjudged to have infringed Plaintiff's Copyrights in violation of federal law;

b.      That Defendants be adjudged to have deliberately, intentionally and willfully infringed Plaintiff's pending Copyrights in violation of federal law;

c.      That Defendants and their agents, employees and all persons acting or claiming to act on their behalf or under their direction or authority, be preliminarily and permanently enjoined and restrained from infringing Plaintiff's Copyrights in any manner in the sale, promotion, advertising, purchase and/or distribution of Defendants' products;

d.      That judgment be entered for Plaintiff against Defendants for Plaintiff's actual damages according to proof and for any profits gained by Defendants attributable to the infringement of Plaintiff's Copyrights, in accordance with proof;

e.      That Defendants be ordered to pay Plaintiff's costs and attorney's fees in this matter pursuant to 17 U.S.C. § 505;

**As to the Second Claim for Relief:**

f.      That Defendants be adjudged to have competed unfairly with Plaintiff in violation of California state law;

g.      That Defendants be adjudged to have deliberately, intentionally and willfully competed unfairly with Plaintiff in violation of California state law;

h.      That Defendants and their agents, employees and all persons acting or claiming to act on their behalf or under their direction or authority, be permanently enjoined and restrained from or engaging in acts of unfair competition with Plaintiff relating to the sale of products that infringe Plaintiff's copyrights in

10

COMPLAINT

#65926006v4<16768-77991>

any manner in the sale, promotion, advertising, purchase and/or distribution of Defendants' products;

**As to the Third Claim for Relief:**

i.    That Defendants be adjudged to have negligently interfered with Plaintiff's prospective economic relations;

j.    That Defendants and their officers, agents, employees and all persons acting or claiming to act on their behalf or under their direction or authority, be permanently enjoined and restrained from or engaging in acts of interference of prospective economic relations related to the sale of products that infringe Plaintiff's copyrights in any manner in the sale, promotion, advertising, purchase and/or distribution of Defendants' products;

k.    That Defendants and their officers, agents, employees and all persons acting or claiming to act on their behalf or under their direction or authority, be permanently enjoined and restrained from or engaging in acts of negligent interference of prospective economic relations related to the sale of products that infringe Plaintiff's copyrights in any manner in the sale, promotion, advertising, purchase and/or distribution of Defendants' products;

l.    That Defendants be ordered to pay damages for intentional and negligent interference with prospective economic relations, in an amount to be proven at trial; and

That Plaintiff be granted such other and further relief as this Court deems just and proper.

DATED: April 29, 2026                    RIMON, P.C.


By: /s/ Lisel M. Ferguson
       Lisel M. Ferguson

*Attorneys for Plaintiff,*
FIRE AND RAIN INC

11
COMPLAINT

#65926006v4<16768-77991>